**Opinion filed December 5, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00198-CV

_____

## IN THE INTEREST OF O.C., R.C., K.C., AND H.C., CHILDREN

**On Appeal from the 132nd District Court**
**Scurry County, Texas**
**Trial Court Cause No. 26268**

### M E M O R A N D U M   O P I N I O N

This appeal stems from an order in which the trial court terminated the parental rights of the mother and father of O.C., R.C., K.C., and H.C.  The mother timely filed a notice of appeal.  In her sole issue on appeal, she challenges the legal and factual sufficiency of the evidence to support the trial court's finding as to the children's best interest.  We affirm.

*Termination Findings and Standards*

The termination of parental rights must be supported by clear and convincing evidence.  TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2019).  To terminate

parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(b)(1)(A)–(U) and that termination is in the best interest of the child. *Id.*

In this case, the trial court found that the mother had committed four of the acts listed in Section 161.001(b)(1)—those found in subsections (E), (N), (O), and (P). Specifically, the trial court found that the mother had engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangered the children's physical or emotional well-being, that the mother had constructively abandoned the children, that the mother had failed to comply with the provisions of a court order that specifically established the actions necessary for her to obtain the return of the children, and that the mother had used a controlled substance in a manner that endangered the health or safety of the children and either failed to complete a court-ordered substance abuse program or continued to abuse a controlled substance after she completed the court-ordered program. *See id.* § 161.001(b)(1)(E), (N), (O), (P). The trial court also found, pursuant to Section 161.001(b)(2), that termination of the mother's parental rights would be in the best interest of each child. *See id.* § 161.001(b)(2).

On appeal, Appellant challenges the sufficiency of the evidence with respect to the best interest finding; she does not challenge the sufficiency of the evidence to support the findings under subsections (E), (N), (O), and (P). To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient in a parental termination case, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably

form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002). We note that the trier of fact is the sole judge of the credibility of the witnesses at trial and that we are not at liberty to disturb the determinations of the trier of fact as long as those determinations are not unreasonable. *J.P.B.*, 180 S.W.3d at 573.

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent–child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

*Background Facts*

The record reflects that Appellant has a history with the Department of Family and Protective Services based upon allegations involving her drug use, including a 2011 case that was initiated when O.C. tested positive for cocaine at birth. Appellant had abused drugs for years and had relapsed after her 2011 rehab. The Department removed the children from Appellant's care in March 2018 after she and three of the

children tested positive for methamphetamine at extremely high levels. The other child's hair was too short to test. While this case was pending in the trial court, Appellant continued to abuse methamphetamine even though she knew that doing so could lead to the termination of her parental rights.

Appellant did not begin her court-ordered services until five weeks prior to the date of the final hearing. Thus, she did not complete those services. She also failed to maintain steady employment and stable housing while this case was pending. Furthermore, Appellant and her boyfriend had an extensive criminal history and a history of domestic violence. Appellant testified that she had been incarcerated five to ten times since her first child was born. Not long after removal, Appellant went to state jail for six months; she started using methamphetamine again within a week or two of her release.

Appellant planned to complete her services and believed that she would be able to properly care for her children in the future. She did not want her parental rights to be terminated.

At the time of removal, two of the children (twins) were only one year old; one was four years old; and the oldest was six years old. All four children were originally placed with the maternal grandmother, but the Department ultimately had to remove the children from that placement as well. After being removed from their maternal grandmother, the older two children were placed in a residential treatment center due to their disabilities and behavioral issues, and the twins were placed in foster care. According to the caseworker, the twins were in a good, stable placement and were happy and thriving in that placement. When the twins arrived at the foster home, they were speech-delayed. The twins improved quickly by "[l]eaps and bounds" while in foster care. The twins and the foster parents had a strong bond, and the foster parents wish to adopt the twins.

The older two children remained in the residential treatment center at the time of trial. O.C. was "intellectually delayed because he has low IQ," and R.C. struggled with autism. These two children had improved while at the treatment center and would be moved into a foster home as soon as the doctors and therapists indicated that the children were ready.

The Department's goal for the children was to terminate Appellant's and the father's parental rights, for the twins to be adopted by their foster parents, and for the older two children to ultimately be placed either in that same foster home or, if necessary, a therapeutic foster home. The children's attorney ad litem believed that it would be in the children's best interest for the trial court to terminate Appellant's parental rights.

*Analysis*

We have considered the record as it relates to the desires of the children, the emotional and physical needs of the children now and in the future, the emotional and physical danger to the children now and in the future, the parental abilities of Appellant and of the persons with whom the children were placed, the Department's plans for the children, Appellant's inability to provide a safe home for the children, Appellant's criminal history, Appellant's drug use, and Appellant's exposure of her children to high levels of methamphetamine. The trial court could reasonably have formed a firm belief or conviction, based on the clear and convincing evidence presented at trial and the *Holley* factors, that termination of Appellant's parental rights would be in the best interest of each of the children at issue in this appeal. *See Holley*, 544 S.W.2d at 371–72. Therefore, we hold that the evidence is legally and factually sufficient to support the finding that termination of Appellant's parental rights is in the best interest of O.C., R.C., K.C., and H.C. *See id.* We overrule Appellant's sole issue on appeal.

*This Court's Ruling*

We affirm the trial court's order of termination.

KEITH STRETCHER

JUSTICE

December 5, 2019

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.